

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Holvey Williams
Criminal District Attorney
Waco, Texas

Dear Sir:                               Attention:  Fred Hartley

Opinion No. O-2268
Re:  Where real estate is purchased
     under a sales contract where
     title is retained by the ven-
     dor should the property be
     rendered for taxes by the
     vendor or by the vandee.

        We are in receipt of your letter of April 18, 1940,
in which you request the opinion of this department on the
following question contained therein:

        "'A purchases real estate from B and
        there is executed a sales contract condition-
        ed that when a stipulated amount is paid by
        A that then B shall execute to A a warranty
        deed,'

        "Question being as to who shall render
        the property for taxation during the stipulat-
        ed period of time set out in the sales con-
        tract, and if rendered by A, before execution
        of warranty deed, can A then claim a homestead
        exemption for tax purposes?"

        The exact proposition which you present was before
the Court of Civil Appeals of Texas in the case of Taber v.
State, 85 S. W. 835, writ of error denied by the Supreme Court.
In that case Dallas County had executed an executory contract
of sale to a private individual.  Taxes were assessed against
the property and it was contended that because legal title
remained under the contract in Dallas County until the entire
purchase price had been paid that the property was constitutional-
ly exempt from taxation as being property of Dallas County.  The

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Holvey Williams, Page 2

court, however, held that the property should be assessed against the individual who had purchased the same regardless of the fact that full legal title had not been transferred to such purchaser, and stated as follows:

"That our tax laws should be construed, as they long have been, to require the vendee holding lands under an executory contract of sale to pay the taxes assessed against such lands, we entertain no doubt.

"* * * True, the county is not entirely divested of title to the lands until they are finally paid for, but until a forfeiture or rescission takes places on account of the default of the purchaser the purchaser is to be regarded as the owner, and the lands may be sold for taxes as his property."

The same rule of law was announced by the Austin Court of Civil Appeals in the case of Harvey v. Provident Inv. Co., 156 S. W. 1127. In that case the court stated as follows:

"* * * Because it has been held in this state that when a grantor in a deed purporting to convey land retains a vendor's lien, the legal and paramount title remains in the vendor, therefore appellant contends that within the purview of the tax laws authorizing a suit by the state against unknown owners, the vendor, and not the vendee, in such a deed is to be considered the owner. We do not regard that contention as sound. On the contrary, such a vendee has title to the property against every one except his vendor; as between him and the vendor it is his duty to pay all taxes which accrue against the property, and therefore, for the purpose of taxation, he should be considered the owner of the land."

On February 26, 1935, Assistant Attorney General Joe J. Alsup wrote an opinion to Honorable Van Haile McFarland, County Attorney, Maverick County, concerning the identical question before us at this time. The facts presented to Mr. Alsup were that a contract of sale had been entered into between a vendor and a vendee, but the vendor had retained legal

Honorable Holvey Williams, Page 3

title. Mr. Alsup quoted from the case of Taber v. State, supra, and ruled that the property should be rendered and assessed in the name of the vendee despite the fact that legal title had been retained in the vendor. We concur in this opinion and think that it set down the correct rule of law to be followed in this case. You are therefore advised that it is the opinion of this department that under the facts submitted in your case the property should be assessed in the name of the vendee under the contract.

In your letter you also state that if the purchaser under the contract is the "owner" of the property for tax purposes he wishes to claim the homestead exemption. It is our opinion that as the purchaser is considered the owner of the property under the facts stated for taxation purposes, such owner should be entitled to the homestead exemption, if under the facts of the case such exemption may be claimed by him.

We trust that the foregoing discussion will be sufficient to advise you in this matter.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Billy Goldberg_

Billy Goldberg
Assistant

BG:RS

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN

APPROVED MAY 20, 1940

ATTORNEY GENERAL OF TEXAS